## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARCUS DESHAY CARPENTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-416-L** |
| | ) | |
| **JOHN WHETSEL, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights.  This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth herein, the undersigned recommends that the complaint be dismissed without prejudice.

Pursuant to an order entered April 20, 2005, Plaintiff was ordered to cure certain deficiencies regarding his application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  Specifically, he was advised that his application for leave to proceed  <u>in</u> <u>forma</u> <u>pauperis</u> was missing financial information and/or a signature of an authorized officer of the penal institution and that it was missing a certified copy of his institutional account statement for the six-month period immediately preceding the filing of his complaint.  Plaintiff was given until May 10, 2005 to cure these deficiencies, and he was specifically warned that failure to do so by that date could result in dismissal of this action without prejudice to its refiling.

A review of the court file reveals that Plaintiff has not cured the deficiencies, requested an extension of time to comply, or demonstrated good cause for his failure to do

so.[1]  Thus, it is recommended that the action be dismissed without prejudice to refiling due to Plaintiff's failure to cure the deficiencies in his <u>in forma pauperis</u> motion.

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that Plaintiff's complaint be dismissed without prejudice to refiling.[2]  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 20, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1(a).  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).   This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 31st day of May, 2005.**

_____

**DOYLE W. ARGO**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]The court file indicates that on April 21, 2005, a copy of the order referring this matter to the undersigned Magistrate Judge that was mailed to Plaintiff was returned indicating that Plaintiff was no longer at the Oklahoma County Detention Center.  However, the order of April 20, 2005 has not been returned, nor has Plaintiff filed a notice of change of address as required by Local Civil Rule 5.5.

[2]In light of the foregoing recommendation, Plaintiff's "Motion for Expansion of Records" [Doc. No. 5] is denied as moot.